The County of Winnebago, Appellee, v. The Town of
Shirland, Appellant.

Gen. No. 9,576.

Opinion filed February 7, 1941.
Rehearing denied May 7, 1941.

STANLEY H. GUYER, of Rockford, for appellant.

ROBERT E. NASH, State's Attorney, for appellee;
ROY F. HALL, of Rockford, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion
of the court.

The county of Winnebago brought suit in the cir-
cuit court of Winnebago county, against the Town of
Shirland, to recover for the care of a pauper, under
sec. 40, ch. 107, Smith-Hurd Ill. Rev. Stat., which is
commonly called the Pauper Act. The suit was to re-
cover from the Town of Shirland, the cost of main-
taining Elmer Deuel in the County poorhouse of Win-
nebago county, from January 1, 1933, to May 31, 1939.
The complaint alleges that Elmer Deuel was a resident
of the Town of Shirland and consequently, that said
town was responsible for his support. The defendant

filed its answer and denied that Elmer Deuel was a pauper at the time he was admitted to the poorhouse and denies any duty on the part of the defendant to pay for Deuel's support and maintenance in said poorhouse. The answer of the defendant further alleges that on September 28, 1932, a complaint was filed in the county court of Winnebago county, Illinois, against Eva Wilson to compel her to support her brother, Elmer Deuel; that an order was entered in said cause requiring the said Eva Wilson to contribute $5.25 a week to the support of the said Elmer Deuel. It is further alleged that the said Eva Wilson failed and refused to comply with said order; that a citation was issued out of the county court of said county for the said Eva Wilson to show cause why she should not be punished for contempt of court for failure to support her brother, as ordered by said court. No action was taken on this citation.

The question raised by the pleadings is: Was Elmer Deuel a pauper within the meaning of the Pauper's Act, to the extent of constituting a public charge upon the Town of Shirland under said act. The trial court found that Elmer Deuel was a pauper and the Town of Shirland was responsible to the County of Winnebago for his support and maintenance and rendered judgment in favor of the plaintiff for $1,254.99 and assessed the costs of the suit against the Town of Shirland. It is from this judgment that the appeal is prosecuted.

That the County of Winnebago supported and maintained Elmer Deuel at the county poorhouse for the time alleged in their complaint, is not disputed. There is some dispute in regard to the conversation that is alleged to have taken place between the supervisor of the Town of Shirland and the overseer of the county poorhouse. If the trial court considered this conversation material to the issues in the case, he has decided the question against the defendant. He had the ad-

vantage of hearing and seeing the witnesses as they testified, and we cannot say that this finding of the trial court is against the manifest weight of the evidence.

The Town of Shirland seriously contends that because there had been an order in the county court of Winnebago county requiring the sister of the pauper to care for and maintain him, the Town of Shirland was relieved from the responsibility of maintaining him. It is undisputed that the sister wholly failed to comply with the county court order and that Elmer Deuel was taken to the county poorhouse and maintained there at the county expense. The appellant has cited numerous cases which hold that where paupers have relatives who are financially able to support and maintain them when appropriate action is taken, these relatives may be required to furnish such support, but the appellant has cited nothing which holds, as it contends that there is no duty resting upon the township to support a pauper when the relatives have failed to comply with the order and to furnish such support. A town cannot be relieved of its liability for the support of its paupers in this manner. In the case of *Mappes v. Board of Sup'rs of Iowa County,* 47 Wis. 31, 1 N. W. 359, a case decided by the Supreme Court of Wisconsin, it is disclosed that the State of Wisconsin has a pauper act nearly identical with ours. In the *Mappes* case, the pauper had two sons who were able, financially, to support and maintain their mother, and an order of court had been entered requiring them to. make weekly contributions for her support and maintenance. This, they failed to do and the mother was taken to the county poorhouse and maintained there for several years. The court, in discussing the merits of the controversy, uses this language: ''The statute clearly imposes the obligation upon every town of relieving and supporting all poor and indigent persons, having a lawful settlement therein, whenever

they shall stand in need of such support. The law is founded upon the humane idea that a poor person has a right to live, and when one, through age, disease, or misfortune, is unable to procure the means of bodily subsistence, he shall not die from want or exposure, but that the property of the town, in which he resides, shall be chargeable with the expense of his maintenance. The intent and policy of the law upon this subject are too plain to require comment.''. . .

''The learned attorney for the county insists that it clearly appears from the evidence that Mrs. Clayton, while she was an inmate of the county poor-house, was supported there in pursuance of a contract between her sons and the county authorities, and that the effect of this arrangement was to relieve the county from all responsibility of providing for her maintenance. We do not so understand either the facts or the law of the case. The statute contains provisions by which certain persons, having sufficient ability therefor, may be compelled to support in part or wholly their poor relatives. This is a compulsory proceeding to enforce what is deemed a natural duty, but it does not amount to a contract. It is a remedy in aid of a public liability —proper and just enough, but does not relieve the public of its obligation to support its paupers. For, as we have said, the intent of the statute is to guard against the danger of anyone unable to support himself being left without the very means of sustaining life. Hence, the law wisely and humanely imposes upon the public the burden of providing for the necessities of its poor and destitute. But the fact that the law affords means of enforcing compulsory assistance from relatives in certain cases, does not take away the responsibility of the public in the matter. The primary obligation remains—in this case upon the county—notwithstanding a remedy is afforded to enforce contribution on the part of the relatives. And, therefore, to our minds, the evidence is conclusive that Mrs. Clayton

was a pauper, if there ever was one, and her support was chargeable upon Iowa County, and the fact that her sons were made to contribute in aid of the county burden did not, and could not, relieve the county from its liability to provide for her support."

The language used by the learned court in *Mappes v. Iowa County, supra,* is very applicable to the facts and law in this case, and it is our opinion that the trial court properly held that Elmer Deuel was a pauper and that he was a proper charge on the Town of Shirland. The order of the county court, ordering Mrs. Wilson to care and maintain her brother, and her failure to do so, does not relieve the Town of Shirland from its responsibility in this matter.

The judgment of the trial court will be affirmed.

*Affirmed.*